**CHIMA A. ANYANWU (SBN 207505)**
**Law Office of Chima A. Anyanwu**
3460 Wilshire Blvd., Suite 1214
Los Angeles, California 90010
Telephone: (213) 385-8288
Facsimile: (213) 385-3808
Email: _ac anyanwu@yahoo.com_

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL AHMED, an individual<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGLES; LOS ANGELES DEPARTMENT OF CANNABIS REGULATION; and DOES 1-10 inclusive,<br><br>    Defendants. | CASE NO. 2 : 22-CV-4496<br><br>**(Los Angeles County Superior Court: Case No. 21STCV29890**<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1331 [FEDERAL QUESTION]** |

     TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO DEFENDANTS, CITY OF LOS ANGELES, LOS ANGELES DEPARTMENT OF CANNABIS REGULATION and DOES 1-10 inclusive, AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE that Plaintiff ABDUL AHMED (hereinafter "AHMED" or Plaintiff") hereby removes the above-entitled action from the Superior Court of the State of California County of Los Angeles, to the United States District Court for the Central District of California, pursuant to U.S. C. 28 U.S.C. § 1331.

1

## I.    STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action pursuant to pursuant to U.S. C. 28 U.S.C. § 1331, of the United States Code is the general federal question jurisdictional statute, which grants federal district courts with original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The case meets all of the diversity statute's requirements for removal.

## II.    PLEADINGS, PROCESS, AND ORDERS

1.      On **August 12, 2021** Abdul Ahmed ("Plaintiff" or "Ahmed") filed a Complaint for Harassment; Discrimination; Intentional Interference with Prospective Economic Advantage; Negligent Interference with Prospective Economic Advantage; Violation of California equal Protection; and Civil Conspiracy against Defendants in Los Angeles County Superior Court Case No 21SJCV29890.

2.      On **October 19, 2021**, Plaintiff served the Summons and Complaint on Defendants by personal service.  Attached hereto as **Exhibit** ("Exh.") **A** is a true and correct copy of the Summons and Complaint.

3.      On **October 19, 2021** Plaintiff served the Summons and Complaint on Defendants by personal and substituted service.  Attached hereto as **Exh. B** is a true and correct copy of the Proof of Service..

4.      On **December 20, 2021**, Defendants Demurrer to Plaintiffs Complaint.  Attached hereto as **Exh. C** is a true and correct copy of the Demurrer.

5.      On **May 2, 2022**, Plaintiff filed an Amended Complaint for Violation of California Equal Protection Clause-Due Process, Discrimination and Declaratory Relief in the

Los Angeles County Superior Court.  Attached hereto as **Exh. D** is a true and correct copy of the Summons and Complaint.

6.     On **June 1, 2022**, Defendants filed a Demurrer To Plaintiff's First Amended Complaint, And Notice of Motion And Motion To Strike Plaintiff's First Amended Complaint. Attached hereto as **Exh. E** is a true and correct copy of the Demurrer.

7.     On **June 1, 2022**, Defendants filed a Request for Judicial Notice.  Attached hereto as **Exh. F** is a true and correct copy of the Demurrer.

8.     Pursuant to 28 U.S.C. §1446(d), the attached exhibits constitute all process, pleadings and orders served on Plaintiff or filed or received by Plaintiff in this action.  To Plaintiff's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party.

9.     A Case Management Conference is currently scheduled for **June 29, 2022**, in Department 26 of the Los Angeles County Superior Court, at 111 N. Hill Street, Los Angeles, CA. 90012.

### III. TIMELINESS OF REMOVAL

10.     This Notice of Removal is timely because the Amended Complaint was filed within one (1) year from the commencement of this action.  The Amended Complaint was filed on **May 2, 2022**.  The Defendants filed a Request for Judicial Notice on **June 1, 2022**.  28 U.S.C. Section 1446(b)(3) permits a defendant (Plaintiff) to file a notice of removal "within 30 days after receipt…of a copy of an amended pleading, motion, order <u>or other paper from which it may first be ascertained that the case is one which is or has become removable.</u>"

///

### IV.   VENUE

11.     Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(c).  Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles.

### V.   NOTICE OF REMOVAL

12.     Contemporaneously with the filing of this Notice of Removal in the United States district Court for the Central District of California, the undersigned is providing written notice of such filing to Defendants' counsel of record MICHAEL N. FEUER, City Attorney, David J. Michaelson, Chief Assistant City Attorney, Emily Y. Wada, Deputy City Attorney, 221 North Figueroa Street, Suite 1245, Los Angeles, California 90012.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, Plaintiff prays that the Court remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATE: _6/23/_ , 2022          LAW OFFICE OF CHIMA A. ANYANWU

By: _____
CHIMA A. ANYANWU
Attorney for Plaintiff
ABDUL AHMED

4

# EXHIBIT A

21STCV29890
Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2021 05:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CITY OF LOS ANGLES; LOS ANGELES DEPARTMENT OF CANNABISREGULATION; SHARON DICKINSON, Clerk Retired; JASON KILLIAN, Assistant Executive Director, Department of Cannabis Regulation; and DOES 1 to10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ABDUL AHMED, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles - Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):*
**21STCV29890**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Jerome Anthony Clay, Jr., Esq
LAW OFFICES OF JEROME A. CLAY, 5250 Claremont Avenue, Suite 221, Stockton, California 95207
Telephone: (209) 603-9852 Facsimile: (510) 280-2841 E-mail: Jclay7@claylaw.net

DATE:
*(Fecha)* 08/12/2021

Clerk, by
*(Secretario)* H. Flores-Hernandez , Deputy
*(Adjunto)*

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2021 05:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Jerome Anthony Clay, Jr., Esq., SBN 327175
LAW OFFICES OF JEROME A. CLAY
5250 Claremont Avenue, Suite 221
Stockton, California 95207

Telephone:     (209) 603-9852
Facsimile:     (510) 280-2841
E-mail:        Jclay7@claylaw.net

*Attorney(s) for Plaintiff(s)*: Abdul Ahmed

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

## STANLEY MOSK COURTHOUSE

| | |
|---|---|
| ABDUL AHMED, an individual,<br><br>        Plaintiff(s),<br><br>    vs.<br><br>CITY OF LOS ANGLES; LOS ANGELES DEPARTMENT OF CANNABIS REGULATION; SHARON DICKINSON, Clerk Retired; JASON KILLIAN, Assistant Executive Director, Department of Cannabis Regulation; and DOES 1 to10 inclusive,<br><br>        Defendant(s). | **Case No.:**  21STCV29890<br><br>**COMPLAINT FOR:**<br><br>1.  Harassment;<br><br>2.  Discrimination;<br><br>3.  Intentional Interference with Prospective Economic Advantage;<br><br>4.  Negligent Interference with Prospective Economic Advantage;<br><br>5.  Violation of California Equal Protection;<br><br>6.  Civil Conspiracy<br><br>**[JURY TRIAL DEMANDED]** |

        COMES NOW, Plaintiff ABDUL AHMED ("Plaintiff" or "Mr. AHMED"), by his undersigned

counsel, hereby complain against Defendants CITY OF LOS ANGLES; LOS ANGELES

DEPARTMENT OF CANNABIS REGULATION; SHARON DICKINSON, Clerk Retired; JASON KILLIAN, Assistant Executive Director, Department of Cannabis Regulation; and DOES 1 to10 inclusive ("Defendants") and alleges as follows:

## SUMMARY

1.      This is an action by Plaintiff, whose permit application to operate medical marijuana dispensary pursuant City of Los Angeles Medical Marijuana Interim Control Ordinance (ICO) No.: 179027, was never issued. In another hand other participating applicants, even though similarly submitted not complete application packages like the Plaintiff herein, before the cutoff date of November 13, 2007, were approved by the City to operate medical marijuana dispensary.

2.      On or about March 2, 2018, Plaintiff applied for his business MELROSE QUALITY PAIN RELIEF, INC., a marijuana business license phase 1, under proposition M, priority processing for Pre-ICO collectives. Application number LA A10-18-0000168-APP. It was denied by LOS ANGELES DEPARTMENT OF CANNABIS REGULATION on April 15, 2019, supposedly MELROSE QUALITY PAIN RELIEF, INC., didn't register under the ICO by November 13, 2007. Plaintiff appealed the denial and in an administrative hearing, MELROSE QUALITY PAIN RELIEF, INC., license was denied again on or about October 28, 2020. Plaintiff filed a claim for damages against the CITY OF LOS ANGLES and the claim was denied by the CITY OF LOS ANGLES on March 3, 2021. Plaintiff and MELROSE QUALITY PAIN RELIEF, INC., filed a writ of mandamus which is still pending, in the Superior Court of California, County of Los Ageless, Case No.: 21STCP00160.

## PARTIES

3.      At all times mentioned herein, Plaintiff resided in Los Angeles County, State of California.  Plaintiff is the principal owner of MELROSE QUALITY PAIN RELIEF, INC., a Medical Marijuana Dispensary, is a California Non-Profit Corporation which was domiciled at 1041 S. Wall Street, Los Angeles, California 90015.

4.      At all times mentioned herein, Defendant, CITY OF LOS ANGLES is a government agency duly organized and operating in Los Angeles County, California.

5.      At all times mentioned herein, Defendant LOS ANGELES DEPARTMENT OF

LAW
OFFICES OF
JEROME A.
CLAY

Case No.                                        2
                                        COMPLAINT

CANNABIS REGULATION is an Agency of the City of Los Angeles and is responsible for issuing licenses to sell commercial cannabis pursuant Los Angeles Municipal Code 104.00, *et seq.*

6.     At all times mentioned herein, Defendant, SHARON DICKINSON, Retired Clerk was employed by Defendant City of CITY OF LOS ANGLES.

7.     At all times mentioned herein, Defendant JASON KILLIAN, is the Assistant Executive Director of Licensing, Compliance and Administration for Defendant LOS ANGELES DEPARTMENT OF CANNABIS REGULATION.

8.     Plaintiff is ignorant of the true names or capacities of Defendants sued herein as DOES 1 to 10, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names or capacities when ascertained.

9.     At all times mentioned herein, Defendants, and those acting on their behalf, and each of them, were agents, partners, con-conspirators, and/or employees of the other and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and/or conspiracy and/or at the direction of or with the permission and consent of the Defendants.

## GENERAL ALLEGATIONS

10.     On August 1, 2007 the City Council passed ICO No.179027. On August 10, 2007 The Mayor of Los Angeles County, Los Angeles, California approved the Control Ordinance. The ICO went into effect September 14, 2007.

11.     In order for the Plaintiff to participate, he had to have owned and operated a medical Marijuana Dispensary prior to the date of September 14, 2007.

12.     Plaintiff is a member of several protected classes under which California State law and Federal law prohibits discrimination and harassment.  He is a middle-eastern man and he is a practicing Muslim.  As referenced hereinafter in this Complaint, "Protected Class" shall mean middle-eastern man and practicing Muslim.

13.     Plaintiff purchased MELROSE QUALITY PAIN RELIEF, INC., on August 19, 2009 from the prior owner, Mr. VINCENT MEHDIZADEH.

14.     Plaintiff applied to the CITY OF LOS ANGLES, DEPARTMENT OF CANNABIS REGULATION seeking Proposition M Priority Processing Licensure, pursuant to Proposition 64,

LAW
OFFICES OF
JEROME A.
CLAY

Case No. _____

3

COMPLAINT

which allowed Plaintiff to immediately operate a recreational cannabis business in the CITY OF LOS ANGLES, pursuant to ICO No. 179027.

15.     When the Plaintiff purchased the business from the prior owner of MELROSE QUALITY PAIN RELIEF, INC., Mr. VINCENT MEHDIZADEH, the purchase included all rights that the business had under the prior owner.

16.     The criteria to qualify for Proposition M was that the type of business was to be opened and legally operating as a Medical Marijuana Dispensary commencing 2006.  MELROSE QUALITY PAIN RELIEF, INC., was established and incorporated in the State of California September 19, 2006, and was operational until April 15, 2019.

17.     Plaintiff continued to operate MELROSE QUALITY PAIN RELIEF, INC., a California Non-Profit Mutual Benefit Corporation as a medical marijuana collective for medically ill patient who provided a valid recommendation from a California licensed medical doctor. Further, the medically ill patient had to present a valid government issued identification.  The recommendation was given only to medically ill person to help reduce symptoms of fibromyalgia, HIV/AIDS, chronic pain, cancer, loss of appetite, insomnia, inflammation and a number of other medical conditions.  It was mandatory that each medically ill patient fill out a membership form provided by MELROSE QUALITY PAIN RELIEF, INC., and sign it in the presence of an employee.

18.     The Defendants allege that the prior owner of MELROSE QUALITY PAIN RELIEF, INC., in 2007 had failed to timely file the application on November 13, 2007, and further that had not submitted all the necessary documents at the time of an alleged late filing.  Plaintiff was not the owner at the time on November 13, 2007, however, the prior owner did submit the application timely and did submit the alleged missing documents timely two times, once on November13, 2007, that at the Defendants' request again on November 27, 2007, through the fax to  LOS ANGELES DEPARTMENT OF CANNABIS REGULATION.

19.     On November 13, 2007, Mr. VINCENT MEHDIZADEH, then owner of MELROSE QUALITY PAIN RELIEF, INC., timely submitted the required application. (a) City of Los Angeles Tax Registration Certificate; (b) State Board of Equalization seller's permit; (c) Property lease or documentation of ownership; (d) Business Insurance; (e) Dispensary membership forms (blank); (f)

Los Angeles County Health Department permit (if needed- NOT NEEDED). Although at the Clerk's Office, and because of an excess application submission on November 13, 2007, Mr. VINCENT MEHDIZADEH was in line from 2:00 p.m. until 5:08 p.m. at which time he handed all the referenced documents to a City Clerk. The documents were stamped as received. Because the documents were submitted after 5:00 p.m., all applicants handing them in were given an "Agreement Of Conditional Receipt." There were several applicants that turned their documents in after the deadline of 5:00 p.m. on November 13, 2007.

20.   Mr. VINCENT MEHDIZADEH telephoned Defendant SHARON DICKINSON and inquired as to the status of his application on November 27, 2007. Mr. VINCENT MEHDIZADEH was informed by Defendant that his packet was incomplete. Mr. VINCENT MEHDIZADEH then informed Defendant that he did turn in all required documents that he would however fax them immediately. Mr. VINCENT MEHDIZADEH immediately faxed the required documents. Mr. VINCENT MEHDIZADEH faxed 13 pages, however, Defendants allegedly received only pages 7- 13.

21.   At the time of Mr. VINCENT MEHDIZADEH's application, there were four (4)- five (5) applications filed on November 13, 2007 which also had application deficiencies, (1) CALIFORNIA'S CHOICE COLLECTIVE, INC., (2) MEDICAL CAREGIVERS COMPANY, (3) SAFE HARBOR PATIENT'S COLLECTIVE, INC., (4) DTPG COLLECTIVE, INC., and (5) TOLUCA LAKE COLLECTIVE, INC. Defendants allowed these applicants to submit their deficiencies later, months later, while at the same tile rejecting MELROSE QUALITY PAIN RELIEF, INC.'s submission two times.  On November 13, 2007, the Defendants alleged that MELROSE QUALITY PAIN RELIEF, INC., did not submit the full application.  The owner of MELROSE QUALITY PAIN RELIEF, INC., even submitted a declaration that he did submit the application timely and the deficiencies two (2) times.  The Defendants only refused MELROSE QUALITY PAIN RELIEF, INC.'s permit/license, but not the other five (5) applicants as stated above. (e.g. TOLUCA LAKE COLLECTIVE, INC., was allowed to be added to Pre-ICO list in September 2008, almost a year after the deadline.)

22.   Plaintiff filed a law suit against the Defendants on or about June 1, 2010 In the Superior Court of California, County of Los Angeles, Case No.: BC44036, and at that time Ms.

LAW
OFFICES OF
JEROME A.
CLAY

Case No.                                        5
                              COMPLAINT

JANE USHER, Assistant City Attorney, informed the Court that if these applicants had deficiencies on November 13, 2007, and were permitted a license, she would throw out the registrations of CALIFORNIA'S CHOICE COLLECTIVE, INC., (2) MEDICAL CAREGIVERS COMPANY, (3) SAFE HARBOR PATIENT'S COLLECTIVE, INC., (4) DTPG COLLECTIVE, INC., and (5) TOLUCA LAKE COLLECTIVE, INC.

23.     Defendants, nor their attorney who misrepresented to open Court that the applicants would be threw out, did not do anything to remedy the situation. Said applicants continued undisturbed its operations, while Plaintiff was denied the same opportunity.

24.     Plaintiff was informed and believes what Ms. JANE USHER, the Assistant City Attorney also stated in the open Court, that MELROSE QUALITY PAIN RELIEF, INC., was in compliance with the application process of November 2007, yet CITY OF LOS ANGLES failed to issue the permit.

25.     MELROSE QUALITY PAIN RELIEF, INC., was operating legally from September 2006 through April 2019.  Intravenously CITY OF LOS ANGLES and LOS ANGELES DEPARTMENT OF CANNABIS REGULATION would send letters, the CITY OF LOS ANGLES POLICE DEPARTMENT would come into the establishment and state that Plaintiff was operating illegally.

## FIRST CAUSE OF ACTION

### Harassment

### As Against All Defendants

26.     Plaintiff hereby incorporates by reference each and every allegation contained above as though fully set forth herein.

27.     Civil harassment involves thirsts, violence, stalking or any behavior that scares or annoys someone without a legitimate purpose.  It includes acts that cause emotional distress. Police officers come face-to-face with persons, they are aggressive and threatening, causes a reasonable person to feel terrorized, frightened, intimidated, harassed and fearful.

28.     On or about July 8, 2010, Deputy City Attorney Mr. COLLEN COURTNEY sent an e-mail to Assistant City Attorney Asha Greenberg and Deputy City Attorney MARY CLAIRE

LAW
OFFICES OF
JEROME A.
CLAY

Case No.                                          6
                                         COMPLAINT

MOLIDOR, stating: "we need your and LAPD's help."  "If possible, we would like to secure a LAPD declaration by 7/15 to support the City's claim of unclean hands in the "Melrose" matter, that the site is still doing business, that the daily operations are illegal (illegal sales, transport, etc.)."  This was the beginning of the premediated harassment of the Plaintiff and his business.

29.     On July 10, 2010, LAPD officers acting on the instructions of CITY OF LOS ANGLES Attorneys, and in an undercover capacity went to the Plaintiff's business MELROSE QUALITY PAIN RELIEF, INC., in an undercover capacity.  They were not dressed in police attire. They had "fake" identification and doctor's recommendations as was a requirement of "The Compassionate Use Act, approved in 1996, pursuant to Proposition 215, legalizing the use of marijuana for medical purposes and allows persons to grow or possess marijuana based on recommendation of a licensed physician.  The Plaintiff was the owner of MELROSE QUALITY PAIN RELIEF, INC., and believed he was authorized to sell marijuana pursuant to Ordinance 179027 which was passed by the Council of the City of Los Angeles on August 1, 2007.

30.     The undercover police requested 1/8 ounce of marijuana and paid $39.00; the other undercover officer also requested 1/8 ounce of marijuana, and paid $40.00.  After making the purchase the undercover officers left MELROSE QUALITY PAIN RELIEF, INC.  The same persons returned at approximately 6:30 p.m. with a search warrant and served it on Plaintiff's business. Plaintiff was informed that under the Compassionate Use Act, the sale of marijuana was not permitted.

31.     Plaintiff was thereafter arrested and charged with four counts of violation of portions of Los Angeles Municipal Code §§ 4519.6 *et seq.*, misdemeanor charges. Defendant, CITY OF LOS ANGLES filed a complaint against Plaintiff and his business.

32.     On August 4, 2010, the Defendant CITY OF LOS ANGLES demanded the immediate closure of MELROSE QUALITY PAIN RELIEF, INC.

33.     On December 1, 2010, the City Council of Los Angeles County amended Los Angeles Municipal Code §§ 45.19 et seq., to allow registration by a collective which had at least one member/manager who remained associated with the collective was identified in connection with registration under the ICO.

LAW
OFFICES OF
JEROME A.
CLAY

34.     On December 10, 2010, the Court in response to the Plaintiff's Demurrer and request for Preliminary Injunction against the Defendants, the Court enjoined the CITY OF LOS ANGLES as follow:

"The court GRANTS a preliminary injunction barring the City from enforcing the following portions of the Ordinance:

· Section 45.19.6.9: the first sentence of that section which provides "Each and every violation (of the ordinance) shall constitute a separate violation and shall be subject to all remedies and enforcement measures authorized by Section 11.00 of this Code."

· Section 45.19.6.10: the first sentence of paragraph, i.e., the sunset clause, which, the court assumes, should have been designated as Sec. 1.

· Section 45.19.6.2(A): to the extent it deprives Plaintiffs of vested property rights without a neutral hearing.

· Section 45.19.6.2(B)(2):  the following language "was registered pursuant to the Interim Control Ordinance No. 179.027 with the City Clerk's office on or before November 13, 2007."
· Section 45.19.6.4: the following language "(3) the full name, address, and telephone number(s) of all patient members to whom the collective provides medical marijuana."

34.     Further, on December 2010, Courts ruled that the Ordinance of November 13, 2007 deprives certain Plaintiffs of equal protection of the laws.  Specifically, the ordinance's use of the November 13, 2007 deadline, deadline loses any relation to the Ordinance's stated purpose of enhancing public safety, because the ICO was invalid before the deadline came.  There was no reason to comply.  Therefore, the Court found that the use of the November 13, 2007 deadline arbitrary and capricious such that it violates the equal protection clauses of the constitutions of the United States and the State of California. Compliance to the expired Ordinance cannot be the sole basis of the right to continue operating.  In that the Ordinance violates equal protection of the California and Federal Constitutions.

35.     The Court further stated that the Ordinance violates the procedural due process rights of certain collectives because the City provided no opportunity for the collectives to be heard at a meaningful time and in a meaningful manner.  More importantly, the Court found "most troubling are the complaints that the police have raided collectives where, allegedly, no laws have been broken."

36.     On January 21, 2011, the City Council of the County of Los Angeles amended Los

Angeles Municipal Code §§ 45.19.6 *et seq.*, for the alleged purpose of compliance with the Court's order (above). <u>It is clear that the Court's order, Section 45.19.6.2(A) prohibited the CITY OF LOS ANGLES from criminal prosecution, prohibiting loss of vested rights **without prior due process hearing**</u>. The Courts order was in favor of the MELROSE QUALITY PAIN RELIEF, INC., a California corporation, and this Plaintiff.

37.     The harassment, planning and conspiracy conjured by the Defendants, and each of them in requesting the LAPD to conspire with them to support the Defendants' claims that MELROSE QUALITY PAIN RELIEF, INC., and the Plaintiff were acting with unclean hands in the operation of the business caused the Plaintiff to be arrested, his property to be confiscated, to be fearful, to retain legal counsel, to spend thousands of dollars in his defense, created a hostile environment for the Plaintiff and his partners and associates. The Defendants and each of them did this with the specific intent to inspire fear, humiliation and severe emotional distress.  This harassing conduct unreasonably interfered with Plaintiff's business, financial liberty, and created an abusive business environment.

38.     All of the above misconduct was unwelcomed, and occurred from 2009 through and including April 2019.  Plaintiff believes and alleges that all this harassment took place because Plaintiff is a member of the Protected Class.  The manner and process in which the Defendants, and each of them carried out the harassment was unlawful and abusive, all because Plaintiff was a member of a Protected Class.  The harassing conduct described in this cause of action expressly arises from harassment and only harassment.  The harassing conduct described in this section, the false arrest, the false allegations, the humility, the conspiracy with the LAPD was done with the Defendants' goal to set up a "scheme" to crush Plaintiff's spirit in his quest for his right to "life, liberty, and a pursuit of happiness" in his financial endeavor.  Further, all those collectives referenced in above were not members of a Protected Class, and failed to submit documents timely and failed to submit all documents timely were not subjected to the harassment above-described as was Plaintiff who is a member of a Protected Class.  Plaintiff's financial solvency, and future pursuit of "life, Liberty, and happiness have been severely impaired.

39.     The conduct of Defendants and each of them as described above, was malicious,

fraudulent, oppressive and was done with a willful and conscious disregard for Plaintiff's rights to be given a license to operate his business. Plaintiff alleges and believes that Defendants and each of them intended to cause Plaintiff injury because he is a member of a Protected Class. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendants and each of them. The acts of the Defendants were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard authorization, ratification or act of oppression on the part of Defendants, their agents/employees or supervisors. The acts of the Defendants and each of them was intended to deprive Plaintiff of his legal rights to receive a license to operate his business. Defendants and each of them conspired with LAPD and others to impair Plaintiff's business and to cause him to close his business down without justification. Plaintiff believed that he was legally operating the business because all documents had been timely turned in on November 13, 2007. Defendants and each of them misrepresented the truth, misplaced documents, and/or destroyed documents that had been turned in on November 13, 2007. As stated above, collectives that were not timely and failed to turn in missing documents on November 13, 2007, were allowed to correct and turn in documents as late as January and February of 2008. (*e.g.* TOLUCA LAKE COLLECTIVE, INC., was allowed to be added to Pre-ICO list in September 2008, almost a year after the deadline.)

40.     Plaintiff alleges that there is no other justification for Defendants' harassing treatment which subjected Plaintiff to severe financial hardship, and embarrassment by arresting him and later dismissing the charges.

41.     Defendants knew that Plaintiff was acting in his legal rights, the Courts further justified Plaintiff's action and awarded him an injunction against the Defendants. Defendants' actions constituted deceit and concealment of documents with the specific intention to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

///

///

LAW
OFFICES OF
JEROME A.
CLAY

Case No.
10
COMPLAINT

## **SECOND CAUSE OF ACTION**

### **Discrimination**

### **As Against All Defendants**

42.     Plaintiff hereby incorporates by reference each and every allegation contained above as though fully set forth herein.

43.     Plaintiff is a member of several protected classes under which federal and state laws prohibits discrimination and harassment.  Plaintiff is a middle-eastern man and he is a practicing Muslim.  As referenced hereinafter in this Complaint, "Protected Class" shall mean middle-eastern man and practicing Muslim.

"A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws; provided, that nothing contained herein or elsewhere in this Constitution imposes upon the State of California or any public entity, board, or official any obligations or responsibilities which exceed those imposed by the Equal Protection Clause of the 14th Amendment to the United States Constitution with respect to the use of pupil school assignment or pupil transportation. In enforcing this subdivision or any other provision of this Constitution, no court of this State may impose upon the State of California or any public entity, board, or official any obligation or responsibility with respect to the use of pupil school assignment or pupil transportation, (1) except to remedy a specific violation by such party that would also constitute a violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution, and (2) unless a federal court would be permitted under federal decisional law to impose that obligation or responsibility upon such party to remedy the specific violation of the Equal Protection Clause of the 14th Amendment of the United States Constitution."

44.     The Defendants and each of them discriminated against the Plaintiff by denying a right to pursue life, liberty, or property in a legal business.  The United States was founded on the idea that all people can come to a new land and be free to live, work, and pursue happiness in the way they see fit.

### America's Declaration of Independence

"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the pursuit of Happiness."

45.     This statement and this statement alone make it clear that we are at liberty to pursue lives of our own choosing. Our path in this world is ours to make. It is not predestined by government.

46.     The Defendants and each of them conspired intentionally to deprive this Plaintiff of

LAW OFFICES OF JEROME A. CLAY

his right to pursue life, liberty, and property.  The Defendants discriminated against the Plaintiff by subjecting him to the legal right to obtain a permit to operate a legal business.  The California Constitution states:

<u>Article 1, Declaration of Rights § 8:</u>

A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.

47.     Plaintiff alleges and believes that because of his membership in the Protected Class, Defendants and each of them subjected Plaintiff to disparate treatment, denied him a permit to operate his business when he had fully complied with all the requirements that the Defendants presented.  Further, Plaintiff alleges that the managing agents and employees of the Defendants subjected Plaintiff to discrimination and in violation of California Constitution Article 1 Section 8. Defendants failed or refused to take appropriate department procedures to remedy the effects of discriminatory acts perpetuated by the employees of the CITY OF LOS ANGELES and LOS ANGELES DEPARTMENT OF CANNABIS REGULATIONS.

48.     The Plaintiff was denied a permit/license to operate his business when others who applied failed to follow the procedure required by the Defendants.  Plaintiff requested on numerous times why was his application denied because of alleged late filings and failure to submit documents where over four other applicants failed to submit timely applications and documents to the Defendants.

APPLICATIONS SUBMITTED AFTER 5:00 P.M. ON NOVEMBER 13, 2007;

APPLICATIONS WITH INCORRECT AND/OR MISSING DOCUMENTATION;

APPLICATIONS WITH INSURANCE DATED AFTER SEPTEMBER 14, 2007;

1.     SAFE HARBOR PATIENT'S COLLECTIVE, INC. - Submitted after 5:00 P.M.; Deficiencies submitted 1/23/08;

2.     GREEN DOT MEDICAL CANNABIS PATIENTS' GROUP - Submitted after 5:00 P.M.;

3.     GALAXY CAREGIVERS GROUP, LLC - Submitted after 5:00 P.M.

4.     HERBAL NUTRITION CENTER - Submitted after 5:00 P.M.

5.    NATURAL SOLUTIONS PATIENT CARE, INC. - Submitted after 5:00 P.M.
(Note:  Department of Cannabis Regulations allowed these (two) change addresses,
provide missing documents after 11/13/2007 and to register after November 13,
2007, 5:00 p.m.)

6.    MEDICAL CAREGIVERS CONPANY - Insurance dated after September 14, 2007;

    a.    Application deficiencies submitted 1/08/08;

    b.    Received license in 2008, Expires 3/26/2021;

7.    THERAPEUTIC HEALTH COLLECTIVE - incorrect and/or missing documents;

8.    VALLEY HOLISTIC CAREGIVERS - incorrect and/or missing documents;

9.    CALIFORNIA CHOICE - incorrect and/or missing documents; - submitted 1/8/08;

    a.    Received State License, in 2008, and expires 6/18/2021

10.    LAHC, INC. - incorrect and/or missing documents;

11.    PEACE OF GREEN, INC. - incorrect and/or missing documents;

12.    TIMOTHY LEARY MEMORIAL DISPENSARY - incorrect and/or missing documents;

13.    MEDMEN - Not on any registered lists in 2007 – Not in compliance with Interim
Control Ordinance 179027 ("ICO") filing requirements in November 2007; Medmen
were licensed under the ICO and remain open as of the date of this complaint;

14.    TLC, INC. – Not on any registered lists in 2007 - Not in compliance with Interim
Control Ordinance 179027 ("ICO") filing requirements in November 2007; TLC were
licensed under the ICO and remain open as of the date of this complaint; Application
resubmitted 9/9/08; License expires 6/3/2021;

15.    COLLECTIVE, INC. (DTPG) - deficiencies in documents; Submitted on 1/23/08;

    a.    Received License in 2008, Expires 5.18/2021;

49.    In a Court hearing on or about June 23, 2010, the Court requested that the four (4)
collectives that did not get registered.  Attorney Ms. JANE USHER, stated to the Court under oath:
"What I can tell you is that before this week is up, the City Clerk will be removing noncomplying
Collectives from the list."

50.    MELROSE QUALITY PAIN RELIEF, INC., allegedly was not timely in filing, and

LAW
OFFICES OF
JEROME A.
CLAY

Case No.                                                13
                                              COMPLAINT

allegedly did not turn in the required documents. MELROSE QUALITY PAIN RELIEF, INC., was denied a permit to operate the business while other collectives with same and similar discrepancies received permits and license to operate the same kind of business as MELROSE QUALITY PAIN RELIEF, INC., was requesting to operate.

51.     Plaintiff requested a legal reason for him being denied when others similarly situated, and with the same business enterprises were allowed to submit late, and to submit completed documents at later dates after the November 13, 2007 deadline.  To this date, Plaintiff's request for reasons has fail on deaf ears, and in many administrative and judicial legal hearings.  Plaintiff's only recourse and understanding of the denial of permit/licensing is that he is being discriminated against because he is of the "protected class" of persons.

<u>The California Constitution, Article 1, states:</u>

(a)     The People have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good.

(b)(1)  The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny.

52.     The Defendants and each of them denied, and/or failed to provide the Plaintiff with reason for denying him his right to life, liberty, or property of the permit/license when they gave the same to other applicants who failed to provide timely applications and documentations.

53.     The alleged discrimination and conduct constitute unlawful discrimination for which Defendants are in violation of The California Constitution as alleged above.

54.     The above acts were perpetrated upon Plaintiff by Officials of the CITY OF LOS ANGELES, LOS ANGELES DEPARTMENT OF CANNABIS REGULATIONS, its agents and employees.  The Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

55.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer a loss in his finances, life, liberty and his pursuit of happiness.  As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered severe humiliation, emotional distress and mental anguish all to his damages in an amount

1   to be ascertained according to proof.

2       56.     Plaintiff requests a reasonable award of attorneys' fees and costs, past and present,

3   including all fees and costs of past and present litigation involved in this matter.

4       57.     The conduct of Defendants and each of them as described above, was malicious,

5   fraudulent, or oppressive and was done with a willful and conscious disregard for Plaintiff's rights

6   and for the deleterious consequences of Defendants' actions.  Plaintiff alleges that Defendants and

7   each of them intended to cause injury to Plaintiff, or that the despicable conduct was carried on by

8   the Defendants with a willful and conscious disregard of Plaintiffs' rights and subjected Plaintiff to

9   cruel and unjust hardship in conscious disregard of his rights.  Defendants and their

10  agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each

11  other.  Testifying in administrative courts and judicial courts with misrepresentations and distortions.

12  Consequently, Plaintiff is entitled to punitive damages against Defendants and each of them.  The

13  acts of Defendants were done fraudulent, maliciously and oppressively and with the advance

14  knowledge, conscious disregard authorization, ratification or act of oppression on the part of

15  Defendants their officers, agents, managing agents and employees.

16      58.     The actions and conduct of Defendants were intended to cause injury to Plaintiff and

17  constituted deceit and concealment of material facts known to Defendants with the intention to

18  deprive Plaintiff of property, happiness and legal rights, justifying an award of exemplary and

19  punitive damages in an amount according to proof.

20                        **THIRD CAUSE OF ACTION**

21          **Intentional Interference with Prospective Economic Advantage**

22                        **As Against All Defendants**

23      59.     Plaintiff hereby incorporates by reference each and every allegation contained above

24  as though fully set forth herein.

25      The California Constitution Article I Declaration of Rights, Section 7 provides that:

26      A person may not be deprived of life, liberty, or property without due process of law or
        denied equal protection of the laws.

27

28      60.     Defendants targeted Plaintiffs, members of a "Protected Class" in order to stop

LAW
OFFICES OF
JEROME A.
CLAY

Case No.                              15
                              COMPLAINT

patients/clients from frequenting Plaintiff's medical marijuana dispensary, thereby causing Plaintiff great financial injury and damages to Plaintiff's reputation in the community and to interfere with business relationships that Defendants, and each of them, knew or should have known that Plaintiff had with existing and prospective clients.

61.     Defendants and each of them knew, or had reason to know, that informing the LAPD that Plaintiff was an "illegal" medical marijuana dispensary would directly interfere with any existing and/or prospective economic advantages that Plaintiff had or would have with existing and potential medical marijuana patients/clients.

62.     As a proximate result of the fraudulent/egregious conduct of Defendants, Plaintiff has suffered great and irreparable financial injury.  As a proximate result thereof, Plaintiff has been damaged in an amount to be proven at trial, but not less than the jurisdictional limit of this court.

63.     The aforementioned conduct was an intentional misrepresentation, deceit and/or concealment, with the intention on the part of the Defendants of denying Plaintiff financial gain by thereby depriving Plaintiff of property, legal rights or otherwise, causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship and conscious disregard of Plaintiff's rights so as to justify an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### Negligent Interference with Prospective Economic Advantage

### As Against All Defendants

64.     Plaintiff hereby incorporates by reference each and every allegation contained above as though fully set forth herein.

65.     Defendants, and each of them, as employees, agents, supervisors and representatives of the County of Los Angeles, owed a duty to Plaintiff to uphold the laws of the State of California and the County of Los Angeles in order to promote the safety, growth and prosperity of the citizens of the State of California and the County of Los Angeles.

66.     On or about July 8, 2010, Deputy City Attorney Mr. COLLEN COURTNEY sent an e-mail to Assistant City Attorney Asha Greenberg and Deputy City Attorney MARY CLAIRE MOLIDOR, stating: "we need your and LAPD's help."  "If possible, we would like to secure a LAPD

declaration by 7/15 to support the City's claim of unclean hands in the "Melrose" matter, that the site is still doing business, that the daily operations are illegal (illegal sales, transport, etc.)." This was the beginning of the premediated harassment of the Plaintiff and his business.

67.    On July 10, 2010, LAPD officers acting on the instructions of CITY OF LOS ANGLES Attorneys, and in an undercover capacity went to the Plaintiff's business MELROSE QUALITY PAIN RELIEF, INC., in an undercover capacity.  They were not dressed in police attire. They had "fake" identification and doctor's recommendations as was a requirement of "The Compassionate Use Act, approved in 1996, pursuant to Proposition 215, legalizing the use of marijuana for medical purposes and allows persons to grow or possess marijuana based on recommendation of a licensed physician.  The Plaintiff was the owner of MELROSE QUALITY PAIN RELIEF, INC., and believed he was authorized to sell marijuana pursuant to Ordinance 179027 which was passed by the Council of the City of Los Angeles on August 1, 2007.

68.    The undercover police requested 1/8 ounce of marijuana and paid $39.00; the other undercover officer also requested 1/8 ounce of marijuana, and paid $40.00.  After making the purchase the undercover officers left MELROSE QUALITY PAIN RELIEF, INC.  The same persons returned at approximately 6:30 p.m. with a search warrant and served it on Plaintiff's business. Plaintiff was informed that under the Compassionate Use Act, the sale of marijuana was not permitted.

69.    Plaintiff was thereafter arrested and charged with four counts of violation of portions of Los Angeles Municipal Code §§ 4519.6 *et seq.*, misdemeanor charges. Defendant, CITY OF LOS ANGLES filed a complaint against Plaintiff and his business.

70.    Defendants knew or should have known that MELROSE QUALITY PAIN RELIEF, INC., was operating legally.  Further that the Courts had granted MELROSE QUALITY PAIN RELIEF, INC., Pain Relief and Plaintiff a preliminary injunction ceasing the Defendants from acting in such a closure capacity which deprived Plaintiff of vested property rights without a neutral hearing.  Plaintiff believe that he was operating pursuant to Ordinance Number 179027, November 13, 2007.

71.    Defendants knew, or had reason to know, that informing the LAPD that Plaintiff was

illegally operating, causing the LAPD to falsely RAID the Plaintiff's business would directly interfere with any existing clientele the Plaintiff had or would have with existing and potential medical marijuana patients/clients.

72.   Defendants breached the duty owed to Plaintiff when Defendants deceived and destroyed, and misrepresented to the LAPD and the public at large California laws and Ordinance Number 179027 by intentionally conspiring and falsely having the LAPD raid the Plaintiff's business as described above, Plaintiff's business operations, reputation, and financial stability.

73.   As a proximate result of the misrepresentations, deceit and fraudulent conduct of Defendants, and each of them, Plaintiff has suffered great and irreparable financial injury.  As a proximate result thereof, Plaintiff has been damaged in an amount to be proven at trial, but not less than the jurisdictional limit of this Court.

74.   The aforementioned-conduct of Defendants, and each of them, was intentional misrepresentation, deceit and/or concealment of documents, with the intention on the part of Defendants of denying Plaintiff financial gain by thereby depriving Plaintiff of property, legal rights or otherwise, causing injury and was despicable conduct that subjected to cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### Violation of California Equal Protection

### As Against All Defendants

75.   Plaintiff hereby incorporates by reference each and every allegation contained above as though fully set forth herein.

Article I, Section 7, Subdivision (a) of the California Constitution provides that:

"[a] person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws, be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin." Cal. Const. art. I, § 8.

76.   Following the passage of Proposition 209 in 1996, the state constitution was amended to add Article I, Section 31, which provided that "[t]he State shall not discriminate against,

or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting." Cal. Const. Art. 1 Section 31(a)

Plaintiff alleges and believes that he was similarly situated as was: SAFE HARBOR PATIENT'S COLLECTIVE, INC., GREEN DOT MEDICAL CANNABIS PATIENTS' GROUP, GALAXY CAREGIVERS GROUP, LLC, HERBAL NUTRITION CENTER, NATURAL SOLUTIONS PATIENT CARE, INC., MEDICAL CAREGIVERS CONPANY, THERAPEUTIC HEALTH COLLECTIVE, VALLEY HOLISTIC CAREGIVERS, CALIFORNIA CHOICE, LAHC, INC., PEACE OF GREEN, INC., TIMOTHY LEARY MEMORIAL DISPENSARY, MEDMEN, TLC, INC, and/or DTPG COLLECTIVE, INC.

77.     The Equal Protection Clause ensures that "all persons similarly situated should be treated alike."  None of the aforementioned marijuana dispensaries referenced above qualified for the permit by November 13, 2007.

78.     Plaintiff alleges and believes that he has alleged enough facts to state a claim for the Defendants' violation of his Equal Protection rights under California and Federal laws.  The aforementioned allegations are sufficient to state a claim that plaintiff was intentionally treated differently than other similarly situated permit applicants without a rational basis.

79.     The Defendants and each of them, intentionally treated Plaintiff differently than other applicants as stated above, without a rational basis.  The California and the federal constitutions protect all people against "unequal and irrational treatment at the hands of the state.

80.     The Defendants intentionally and deceitfully violated the Plaintiff's equal rights.

### SIXTH CAUSE OF ACTION

### Civil Conspiracy

### As Against All Defendants

81.     Plaintiff hereby incorporates by reference each and every allegation contained above as though fully set forth herein.

82.     Defendants knowingly and willfully conspired and agreed among themselves to defraud Plaintiff by soliciting him to apply for the permit to operate a medical marijuana business in

the City of Los Angeles, while having had already predetermined that Plaintiff would be denied, and that other applications which defendants had favored either through accepting bribery and/or by receiving money or/or other things of value from other applicants who received a license.

83.     Pursuant to said conspiracy, and in furtherance thereof, the Defendants accepted a $5,000.00 nonrefundable fee from Plaintiff, even though they never intended to provide any consideration to Plaintiff's permit application.

84.     Plaintiff believes and alleges that on or about December 2018, Defendant JASON KILLIAN, Assistant Executive Director at the Department of Cannabis Regulation received money from Mr. ROBERT CAZARIN, the Plaintiff's prior partner, whose marijuana dispensary was located at, "1041 Wall Street, Inc., Los Angeles, California. The Plaintiff had applied for the same license at the same address and was denied a license for, MELROSE QUALITY PAIN RELIEF, INC., 1041 Wall Street, Los Angeles, California.  Shortly thereafter, Mr. ROBERT CAZARIN contacted the Plaintiff and informed him that he was cancelling an agreement between himself and Plaintiff because he was getting a social equity license and that Defendant JASON KILLIAN was going to issue it.  Mr. ROBERT CAZARIN further stated that all he had to do was "grease" Defendant JASON KILLIAN hand.  1041 WALL STREET, INC., Los Angeles, California is still in operation.

85.     Pursuant to said conspiracy, and in furtherance thereof, Defendants accepted said bribes of moneys and/or other things from applicants that received a social equity license.  When Defendants accepted $4,657.00 nonrefundable fee for the Plaintiff's appeal, they knew that they had already agreed to give the license to other applicants that had paid them monies for the license.  Defendants never intended to provide any consideration to the Plaintiff's permit application because they had already agreed to give the licensing to Mr. ROBERT CAZARIN, of 1041 WALL STREET, INC., because he had paid Defendant JASON KILLIAN thousands of dollars for a license.

86.     Pursuant to said conspiracy, and in furtherance thereof, Mr. ROBERT CAZARIN, of 1041 WALL STREET, INC., bribed Defendant JASON KILLIAN, Assistant Executive Director of the Department of Cannabis Regulations who openly accepted bribes of moneys and/or other things of value.

87.     Pursuant to said conspiracy, and in furtherance thereof, Defendant JASON KILLIAN,

fraudulently concealed from Plaintiff material facts regarding their actions to deny Plaintiff a license to operate his business which was located at the same address as referenced above.

88.     As a proximate result of the wrongful and illegal conduct of Defendant JASON KILLIAN, Plaintiff has suffered damages by being deprived of money paid for non-refundable permit application fees and moneys expended in gathering and drafting permit application documents, and by losing the opportunity to operate his businesses in Los Angeles County.

89.     Defendants, their employees and agents, committed the wrongful conduct herein alleged maliciously and to oppress Plaintiff.  Plaintiff is therefore entitled to exemplary or punitive damages in an amount to be determined at trial.

## **PRAYER**

**WHEREFORE**, Plaintiff, ABDUL AHMED, prays for judgment against Defendants as follows:

a.      For general and special damages according to proof;

b.      For exemplary damages, according to proof;

c.      For pre-judgment and post-judgment interest on all damages awarded;

d.      For the determination of Plaintiff's license status;

e.      For reasonable attorneys' fees;

f.      For costs of suit incurred;

g.      For declaratory relief;

h.      For such other and further relief as the Court may deem just and proper.

**ADDITIONALLY**, Plaintiff, ABDUL AHMED, demand trial of this matter by jury. The amount demanded exceeds $25,000.00.


Respectfully submitted,

DATED: August 12, 2021

LAW OFFICES OF JEROME A. CLAY

Jerome Anthony Clay, Jr.
*Attorney(s) for Plaintiff(s):* Abdul Ahmed

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 10/25/2021 02:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **LAW OFFICES OF JEROME A. CLAY**<br>**5250 Claremont Avenue, Suite 221, Stockton, California 95207**<br><br>TELEPHONE NO.: **209-603-9852**        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **ABDUL AHMED AN INDIVIDUAL** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: **111 North Hill Street**<br>MAILING ADDRESS: **111 North Hill Street**<br>CITY AND ZIP CODE: **Los Angeles 90012**<br>BRANCH NAME: **Central District, Stanley Mosk Courthouse** | |

| PLAINTIFF/PETITIONER: ABDUL AHMED AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITY OF LOS ANGELES; ET AL. | **21STCV29890** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**REF-8760927** |
|---|---|

BY FAX

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of *(specify documents):*
    **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE; FIRST AMENDED GENERAL ORDER; ADR**

3.  a.  Party served *(specify name of party as shown on documents served):*
        **LOS ANGELES DEPARTMENT OF CANNABIS REGULATION**

    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
        **Office of the City Clerk**

4.  Address where the party was served:
    **200 N Spring St, Hall Room 395, Los Angeles, CA 90012**

5.  I served the party *(check proper box)*

    a.  [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*            at *(time):*

    b.  [X]  **by substituted service.** On *(date):* **10/19/2021** at *(time):* **12:51 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
        **Office of the City Clerk, I delivered the documents to Office of the City Clerk with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.  Was received by Carmen Richerson**

        (1)  [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [X]  I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*        from *(city):*        or [X] a declaration of mailing is attached.

        (5)  [X]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-<br>010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure. § 417.10 |
|---|---|---|

REF: **REF-8760927**

Tracking #: **0078050404**

| PLAINTIFF/PETITIONER: ABDUL AHMED AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITY OF LOS ANGELES; ET AL. | 21STCV29890 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **LOS ANGELES DEPARTMENT OF CANNABIS REGULATION c/o Office of the City Clerk**

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)

                          ☐ other:

7. **Person who served papers**

a. Name:    **Sergio Curioso**
b. Address:    **1050 Lakes Dr, Suite 225, West Covina, CA 91790**
c. Telephone number:    **562-336-9554**
d. The fee for service was:    **$ 85.00**
e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

        (i) ☐ owner  ☐ employee  ☒ independent contractor.  For:  **ABC Legal Services, LLC**

        (ii) ☒ Registration No.:  **2017094974**  Registration #:  **6779**

        (iii) ☒ County:  **Los Angeles CA**  County:  **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

BY FAX

Date: 10/22/2021

    **Sergio Curioso**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

POS-010 [Rev. January 1, 2007]

REF: REF-8760927        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

Tracking #: **0078050404**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **LAW OFFICES OF JEROME A. CLAY**<br>**5250 Claremont Avenue, Suite 221, Stockton, California 95207**<br><br>TELEPHONE NO.: **209-603-9852**      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **ABDUL AHMED AN INDIVIDUAL** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: **111 North Hill Street**
MAILING ADDRESS: **111 North Hill Street**
CITY AND ZIP CODE: **Los Angeles 90012**
BRANCH NAME: **Central District, Stanley Mosk Courthouse**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **ABDUL AHMED AN INDIVIDUAL** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **CITY OF LOS ANGELES; ET AL.** | **21STCV29890** |
| **DECLARATION OF REASONABLE DILIGENCE** | Ref. No. or File No.:<br>**REF-8760927** |

Party to Serve:
**LOS ANGELES DEPARTMENT OF CANNABIS REGULATION c/o Office of the City Clerk**

Documents:
**SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE; FIRST AMENDED GENERAL ORDER; ADR**

Service Address:
**200 N Spring St, Hall Room 395, Los Angeles, CA 90012**

I declare the following attempts were made to effect service by personal delivery:
**10/13/2021 2:48 PM: The closed, they told me to come back in friday.**

**10/19/2021 12:51 PM Served to Office of the City Clerk, I delivered the documents to Office of the City Clerk with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.  Was received by Carmen Richerson**

Person who performed diligence:
**Sergio Curioso**
**1050 Lakes Dr Suite 225, West Covina, CA 91790**
**562-336-9554**

I am a registered California process server
Registration No.:    **2017094974**
County:        **Los Angeles CA**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Date:  10/22/2021

_____
Sergio Curioso
(NAME OF PERSON WHO PERFORMED DILIGENCE)



(SIGNATURE)

BY FAX

---

Page 1 of 1


REF: **REF-8760927**

Tracking #: **0078050404**


| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State, Bar number, and address):*<br>LAW OFFICES OF JEROME A. CLAY<br>5250 Claremont Avenue, Suite 221, Stockton, California 95207<br><br>TELEPHONE NO.: **209-603-9852**      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **ABDUL AHMED AN INDIVIDUAL** | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
  STREET ADDRESS: **111 North Hill Street**
  MAILING ADDRESS: **111 North Hill Street**
  CITY AND ZIP CODE: **Los Angeles 90012**
  BRANCH NAME: **Central District, Stanley Mosk Courthouse**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **ABDUL AHMED AN INDIVIDUAL** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **CITY OF LOS ANGELES; ET AL.** | **21STCV29890** |
| **DECLARATION OF MAILING** | Ref. No. or File No.:<br>**REF-8760927** |

The undersigned hereby declares: that I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

My business address is 316 W 2nd St. 3rd Floor, Los Angeles, CA 90012.

That on **October 22, 2021**, after substituted service was made, I mailed the following documents: **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE; FIRST AMENDED GENERAL ORDER; ADR** to the servee in this action by placing a true copy thereof enclosed in a sealed envelope with postage prepaid for first class mail and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in **Los Angeles, CA**.

That I addressed the envelope as follows:

       **LOS ANGELES DEPARTMENT OF CANNABIS REGULATION**
       **200 N Spring St Hall Room 395**
       **Los Angeles, CA 90012**

**BY FAX**

That I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

That I executed this declaration on 10/22/2021 at Los Angeles, CA.

/s/ Jesus Alvarez
───────────────────────────
Declarant: **Jesus Alvarez**, Reg. # 6585

 REF: **REF-8760927**

Tracking #: **0078050402**


Electronically FILED by Superior Court of California, County of Los Angeles on 10/25/2021 02:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **LAW OFFICES OF JEROME A. CLAY**<br>**5250 Claremont Avenue, Suite 221, Stockton, California 95207**<br><br>TELEPHONE NO.: **209-603-9852**      FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **ABDUL AHMED AN INDIVIDUAL** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS:  **111 North Hill Street**<br>MAILING ADDRESS:  **111 North Hill Street**<br>CITY AND ZIP CODE:  **Los Angeles 90012**<br>BRANCH NAME:  **Central District, Stanley Mosk Courthouse** | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: **ABDUL AHMED AN INDIVIDUAL** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **CITY OF LOS ANGELES; ET AL.** | **21STCV29890** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**REF-8760927** |

**BY FAX**

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of *(specify documents):*
    **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE; FIRST AMENDED GENERAL ORDER; ADR**

3.  a.  Party served *(specify name of party as shown on documents served):*
        **CITY OF LOS ANGELES**

    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
        **Office of the City Clerk**

4.  Address where the party was served:
    **200 N Spring St, Hall Room 395, Los Angeles, CA 90012**

5.  I served the party *(check proper box)*

    a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **10/19/2021** at *(time):* **12:51 PM**

    b.  [ ]  **by substituted service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*      from *(city):*      **or** [ ] a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

REF: **REF-8760927**



| PLAINTIFF/PETITIONER: ABDUL AHMED AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITY OF LOS ANGELES; ET AL. | 21STCV29890 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                    (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **CITY OF LOS ANGELES c/o Office of the City Clerk**

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)                              ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)                      ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)          ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)               ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                            ☐ 415.46 (occupant)
                                                    ☐ other:

7. **Person who served papers**

a. Name:              **Sergio Curioso**
b. Address:           **1050 Lakes Dr, Suite 225, West Covina, CA 91790**
c. Telephone number:  **562-336-9554**
d. The fee for service was: **$ 85.00**
e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:

(i) ☐ owner  ☐ employee  ☒ independent contractor.  For:  **ABC Legal Services, LLC**

(ii) ☒ Registration No.: **2017094974**                Registration #: **6779**

(iii) ☒ County:  **Los Angeles CA**                    County:  **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 10/22/2021

_____
**Sergio Curioso**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

BY FAX

POS-010 [Rev. January 1, 2007]                                              Page 2 of 2



REF: **REF-8760927**           **PROOF OF SERVICE OF SUMMONS**           Tracking #: **0078050374**